UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER SPILLER, INDIVIDUALLY )<br>AND ON BEHALF OF THE ESTATE OF )<br>GORDON MCKEE, et al, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FRESENIUS USA, INC., et al., )<br>)<br>)<br>Defendants, ) | Case No. 4:13-CV-2538 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Remand [Doc. No. 15]. Defendant has filed opposition to the motion. [Doc. No. 21]. Plaintiff asserts the matter should be remanded to the Circuit Court for the Twenty-Second Judicial Circuit Court. For the reasons set forth below, the motion is well-taken and is therefore granted.

## Factual Background

Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri on October 31, 2013. Thereafter, on December 20, 2013, Defendants filed a Notice of Removal to this Court. In so doing, Defendants relied upon diversity of citizenship jurisdiction, pursuant to 28 U.S.C. §1332. Defendants request the

Court to stay the ruling on the Motion to Remand pending ruling of the transfer motion before the Multi-District Litigation Panel. Defendants also argue that the motion should be denied in any event as the Court properly has diversity jurisdiction over the subject matter of the lawsuit. In the pleadings, Plaintiffs allege damages related to dialysis products of Defendants. There are state law claims of injury and death raised by Plaintiffs and against Defendants relative to a product of Defendants that was used in the dialysis treatment of Plaintiffs. Defendants' principal place of business is Massachusetts and all are citizens and residents of Massachusetts. Plaintiffs are likewise citizens and residents of Massachusetts.

## **Applicable Law**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F. 3d 613 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F. 3d 1006, 1010 (8th Cir. 2005) ). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F. 3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to the state court." *In re Prempro Products Litigation*, 591 F. 3d at 620 (citing *Wilkinson v. Shackelford*, 478 F. 3d 957, 963

(8th Cir. 2007) ). A case must be remanded at anytime it appears the district court lacks subject matter jurisdiction. 28 U. S. C. §1447 ©; Fed. R. Civ. P. 12(h)(3).

Pursuant to 28 U.S.C. §1332, diversity of citizenship exists where the amount in controversy is greater than $75,000 and there is complete diversity of citizenship among all litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC V. Borchert*, 486 F. 3d 342, 346 (8th Cir. 2007).

## **Discussion**

On the issue of whether the matter should be stayed pending a ruling on conditional transfer by the MDL panel, Defendants are reminded that "... pendency of a ... conditional transfer order... does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. Rule of Procedure 2.1 (d). It has been said by another member of this court related to the same motion in another case such as this,

> "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings [related to an MDL proceeding]..." This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction."

*Spears v. Fresnius Medical Care No. Am., Inc.*, No. 4-13-cv-855 (CEJ), 2013 WL 2633302, at 1 (E.D.Mo. 2013). Jurisdiction of the court is always the paramount consideration. As such the request to stay will be denied.

As to the motion to remand, Plaintiffs argue that all claims, parties, and allegations are proper and sufficient and therefore the court lacks subject matter jurisdiction due to a lack of complete diversity citizenship. The allegations in the petition filed by Plaintiffs does not create a legal chasm as to any claims or citizenship here because all parties are citizens of Massachusetts. Knowing that to be the case Defendants attempt to defeat remand by sparring with the fraudulent misjoinder doctrine.

This Court is certain that at this juncture Defendants are well aware the Eighth Circuit United States Court of Appeals has not yet yielded to this doctrine. There is nothing to support that the alignment of plaintiffs and causes is so egregious to defeat remand as might be required under the misjoinder doctrine. The motion to remand should be therefore granted.

Accordingly,

**IT IS HEREBY ORDERED** the request to stay is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to remand, [Doc. No. 15], is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis for lack of subject matter jurisdiction.

Dated this 27th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE